IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NINGBO BETER LIGHTING CO., LTD.,

      Plaintiff,          OPINION AND ORDER

  v.                   15-cv-228-wmc

UNIQUE ARTS, LLC,

      Defendant.

---

  In this civil action, plaintiff Ningbo Beter Lighting, Co., Ltd. ("Ningbo") alleges that defendant Unique Arts, LLC breached a contract between the parties by failing to pay plaintiff amounts owed for lighting and related products sold by plaintiff to defendant. (Compl. (dkt. #1).) Plaintiff alleges that this court may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 2.) Because the allegations in the complaint are insufficient to determine if this is so, Ningbo will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

  "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d

1

798, 802 (7th Cir. 2009).  Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity between the parties. (Compl. (dkt. #1) ¶ 2.)  Unfortunately, plaintiff's allegations as to defendant's citizenship prevent this court from determining whether complete diversity exists.

"The citizenship of an LLC is the citizenship of each of its members."  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Nevertheless, plaintiff alleges that defendant is a "domestic Wisconsin corporation with a principal place of business located at 2823 Index Road in Madison, Wisconsin."  (Compl. (dkt. #1) ¶ 5.) As the Seventh Circuit has instructed repeatedly, however, this information is wholly irrelevant in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC. In alleging an LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well.

*See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until May 27, 2015, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 13th day of May, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge