IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NINGBO BETER LIGHTING CO. LTD.,

                       Plaintiff,                      OPINION AND ORDER

v.

                                                      15-cv-228-wmc

UNIQUE ARTS, LLC,

                       Defendant.

Plaintiff Ningbo Beter Lighting Co. Ltd ("Beter Lighting") has filed this lawsuit against defendant Unique Arts, LLC ("Unique Arts") seeking to collect over $300,000 allegedly owed for lighting and related products sold to Unique Arts. Unique Arts subsequently moved for dismissal of the complaint for lack of personal jurisdiction and improper venue. (Dkt. #7.) The basis for this motion is a forum selection clause found in an Exclusive Sales Representation Agreement ("Agreement") entered into between the parties. For reasons discussed below, however, the court finds that (1) this court has personal jurisdiction over the defendant and (2) venue is proper in the United States District Court for the Western District of Wisconsin. Accordingly, the court will deny defendant's motion.[1]

---

[1] Beter Lighting filed a motion for leave to file a sur-reply because it claims Unique Arts improperly raised a new argument in its reply brief. Specifically, in its reply, Unique Arts argues that the instant action is based on the Agreement because Beter Lighting's claim would encounter "a statute of limitation problem" if it was not based on the Agreement. (Def.'s Reply (dkt. #13) 1.) While the court grants Beter Lighting's motion to file a sur-reply, the new argument presented in the reply brief and the response in the sur-reply is not material to the outcome of the motion to dismiss.

ALLEGATIONS OF FACT[2]

Defendant Unique Arts is a limited liability company with its primary place of business located in Madison, Wisconsin. Its sole member is Attilla Goknur, a citizen of Wisconsin. Unique Arts is engaged in the business of selling home, patio, and backyard furnishings, including light fixtures. Beter Lighting is a Chinese corporation with a principal place of business located in Zhejiang Province in the People's Republic of China.[3] It is engaged in the business of manufacturing and selling lighting and related products.

Unique Arts and Beter Lighting formed their business relationship in 2005 at a trade show in Hong Kong. After that meeting, Unique Arts began placing orders with Beter Lighting for lighting and related products. Beter Lighting alleges all orders at issue in this case were placed between 2005 and 2012 from Unique Arts' offices in Madison. During this time, Unique Arts failed to make full payments on some or all of its orders to Beter Lighting, resulting in a debt owed to Beter Lighting in the amount of $362,103.81.

---

[2] In resolving this motion to dismiss, the court accepts as true all undisputed factual assertions that plaintiff Beter Lighting makes and resolves all disputes of relevant facts in Beter Lighting's favor. *Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).

[3] Taking plaintiff at its word, the court assumed that a Chinese business entity identified as "Ltd." is a corporation, and not an unincorporated association akin to a limited liability corporation -- a meaningful distinction as the court explained in its prior order requiring plaintiff to file an amended complaint adequately alleging the citizenship of the defendant LLC. (*See* 5/14/15 Order (dkt. #3).) Because there is at least some question as to whether a Chinese "Ltd." is an unincorporated association, the court will direct plaintiff to submit an affidavit describing its proper legal identity. *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014) ("Deciding whether a business enterprise based in a foreign nation should be treated as a corporation for the purpose of § 1332 can be difficult."). However, since it would seem exceedingly unlikely that plaintiff -- whether a corporation or an unincorporated association -- is a citizen of Wisconsin, the court will not delay issuance of this non-dispositive opinion pending plaintiff's submission.

In December 2011, Unique Arts and Beter Lighting entered into an Exclusive Sales Representative Agreement ("Agreement"). (Peyton Aff., Ex. (dkt. #10-1).) The purpose of the Agreement was to authorize Unique Arts to act as the sole distributor of Beter Lighting products to The Home Depot and Home Depot online in the United States and Canada. (*Id.* at p.1.) The Agreement entitled Unique Arts to a commission for each sale to The Home Depot or Home Depot Online. (*Id.* at ¶ 3.) Material to this motion -- even if not to the result -- the Agreement contained a forum selection clause, which states in relevant part:

> This agreement and all transactions contemplated hereby, shall be governed by, construed and enforced in accordance with the laws of the State of Wisconsin. The Parties herein waive trial by jury and agree to submit to the personal jurisdiction and venue of a court of subject matter jurisdiction located in Dane County, State of Wisconsin. Any lawsuit shall be venued in Dane County, Wisconsin.

(*Id.* at ¶ 12.) The Agreement also addressed the outstanding debt owed to Beter Lighting by Unique Arts, providing: "The due commission shall be paid as a deduction from the current balance due to BTR China by UA. At date the amount due to BTR China by UA on past unpaid billing is a total amount of 362,103.81 USD." (*Id.* at ¶ 3.)

OPINION

I. Personal Jurisdiction

Typically a motion to dismiss for lack of personal jurisdiction depends on the validity of a forum selection clause. Since the defendant and the court are both located in Madison, Wisconsin, the validity of the forum is not at issue here. Nevertheless, the

3

court will address both of defendant's allegations beginning with personal jurisdiction.

As the plaintiff, Beter Lighting has the burden of proving that personal jurisdiction exists. *See GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Since this court resolves the motion on the written materials only, Beter Lighting need only show a *prima facie* case for personal jurisdiction. *See Neiman v. Rudolf Wolff & Co., Ltd.*, 619 F.2d 1189, 1190 (7th Cir. 1980).

In diversity cases like this one, a federal district court has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003) (quoting *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995)). The inquiry is, therefore, a two-step process. First, the court must determine whether the Wisconsin long-arm statute, Wis. Stat. § 801.05, would subject Unique Arts to personal jurisdiction in Wisconsin courts. *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990). Second, if the answer is "yes," the court must determine whether the exercise of personal jurisdiction under § 801.05 would violate the due process requirements of the Fourteenth Amendment. *Id.* Since the Wisconsin long-arm statute "is intended to reach to the fullest extent allowed under the due process clause," the second prong of this inquiry can sometimes collapse upon itself. *Id*. at 1217.

Wisconsin's long-arm statute states in relevant part that courts have jurisdiction over a defendant "who when the action is commenced: . . . (c) Is a domestic corporation or limited liability company." Wis. Stat. § 801.05(1)(c). Here, Unique Arts, LLC is a domestic limited liability company with a principal place of business in Madison,

4

Wisconsin, and its sole member resides in Madison.  Moreover, the exercise of personal jurisdiction under § 801.05 does not violate the due process requirements of the Fourteenth Amendment.  On the contrary, Unique Arts and its sole member Attilla Goknur have continuous and systemic business contacts with the State of Wisconsin, easily satisfying the general jurisdiction requirement.  *See Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).  As a result, the court finds that defendant Unique Arts is subject to personal jurisdiction in the United States District Court for the Western District of Wisconsin.

II.  Venue

Still, defendant persists that the court should dismiss this action for improper venue based upon a forum-selection clause contained in the Agreement.  As quoted above, the Agreement provides only that: "Any lawsuits shall be venued in Dane County, Wisconsin." (Peyton Aff., Ex. (dkt. #10-1) ¶ 12.)  Defendant interprets this language to require the instant matter to be brought in *Dane County Circuit Court* located in Madison, Wisconsin.  Conversely, plaintiff argues that venue is also proper in this court for two reasons.  First, plaintiff argues that the forum selection clause does not apply here since it arises out of a dispute unrelated to Unique Arts' sale of product to the Home Depot entities as Beter Lighting's distributor, which is the sole subject of the parties' Agreement.  Second, plaintiff argues that even if the forum selection clause in the Agreement is applicable here, its plain language includes this court as an appropriate venue.

5

The court agrees with plaintiff that venue is proper in this court regardless of whether the Agreement governs this action. If the Agreement's forum selection clause were to govern this action, venue would be proper in *either* Dane County Circuit Court or the United States District Court for the Western District of Wisconsin. *See All. Health Grp. LLC v. Bridging Health Options LLC*, 553 F.3d 397 (5th Cir. 2008) (holding that a forum selection clause providing for venue in a specific county permitted venue in either federal or state court because the federal district courthouse was located in that county); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) (holding that a forum selection clause providing for venue in the county in which the plaintiff resides permitted venue in either federal or state court within that county); *see also Roberts & Schaefer Co. v. Merit Contr.*, 99 F.3d 248 (7th Cir. 1996) (rejecting argument that venue was proper in federal district court when forum selection clause clearly specified venue in "the Circuit Court of Cook County, Illinois"). Indeed, there is nothing ambiguous about the clause's application, since this court *is* literally located in Dane County, Wisconsin.[4]

If, on the other hand, this dispute falls outside of the Agreement's reach, venue is still proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1), which provides that "[a] civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See also* 28 U.S.C. § 1391(c)(2) ("For all venue purposes an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial

---

[4] Actually, the court is physically located in both Madison and Eau Claire, Wisconsin, but this does not make the statement above any less true.

district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As a result, venue is proper in this court as well.

ORDER

IT IS ORDERED that:

1) defendant Unique Arts' motion to dismiss for lack of personal jurisdiction and improper venue (dkt. #7) is DENIED;

2) plaintiff Ningbo Beter Lighting Co., Ltd.'s motion for leave to file a sur-reply (dkt. #15) is GRANTED; and

3) as described above in footnote 3, on or before November 11, 2015, plaintiff Ningbo Beter Lighting Co. Ltd. shall file an affidavit describing its exact legal status under applicable law, and, if necessary, clarifying its citizenship.

Entered this 28th day of October, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge