IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NINGBO BETER LIGHTING CO., LTD.,

                Plaintiff,              OPINION AND ORDER

v.

                                                 15-cv-228-wmc

UNIQUE ARTS, LLC,

                Defendant.

Plaintiff Ningbo Beter Lighting Co., Ltd. asserts a breach of contract claim against defendant Unique Arts, LLC based on Unique Arts' failure to pay for lighting and related products sold by plaintiff. Before the court is plaintiff's motion for summary judgment, seeking $374,531.90 in damages for unpaid invoices and $312,596.99 in prejudgment interest. (Dkt. #19.) Defendant's response to plaintiff's motion was due on May 6, 2016. As of the date of this opinion, defendant has yet to respond. While the court will, therefore, enter judgment in plaintiff's favor as to liability, finding plaintiff established a breach of contract, plaintiff's submission on damages is not sufficiently supported for the court to enter a damages award. Accordingly, the court will hold a telephonic status conference on September 26, 2016, to determine whether plaintiff can supplement with adequate proof of all its damages, or whether a notice of and evidentiary hearing on default judgment on October 3, 2016, is more appropriate.

UNDISPUTED FACTS

Ningbo Beter Lighting ("Ningbo") is a Chinese manufacturer of lighting products. In 2005, Ningbo established a business relationship with Unique Arts. At the time,

Ningbo's president and shareholder, Peter Lu, met Unique Art's president, Ati Goknur, at a trade show in Hong Kong. After that meeting, Unique Arts began to send orders to Ningbo for lighting products. Most of those orders were sent by email.

Upon receipt of an order, Ningbo would send Unique Arts a pro forma invoice, listing the goods ordered and the prices for those goods. If Unique Arts agreed to the quoted prices, it would sign the invoice and return it to Ningbo, usually by email. Ningo would then ship the ordered products along with the signed invoice. Unique Arts admitted in its responses to interrogatories that it incurred the obligations to pay Ningbo totaling $1,119,544.61 for goods Ningbo shipped to Unique Arts during the entire period of the parties' business relationship. However, Unique Arts' discovery responses contained a spreadsheet showing total payments in the amount of $1,044,630.59.

In late 2011, Ningbo and Unique Arts also entered into a written contract that made Unique Arts the exclusive sales representative for Ningbo products with Home Depot. At that time, the Agreement memorialized that Unique Arts owed Ningbo $362,103.81 in unpaid invoices. Since entering into that Agreement, Ningbo has received: (1) in December 2011, a $5,000 payment on the debt acknowledged in the 2011 Agreement; (2) $74,431.80 in payments on invoices that post-date the 2011 Agreement; and (3) $44,506.83 in commissions for selling Ningbo products to Home Depot.

All of the above transactions above cause Unique Arts to acknowledge that it still owed $30,407.19 to Ningbo. In response, Ningbo contends that Unique Arts double counted the $5,000 payment referenced above. Moreover, Ningbo contends that Unique

Art's spreadsheet does not contain $600,102.73 in additional invoices and $254,968.00 in additional payments. Based on these invoices and payments, Ningbo contends that Unique Arts owes $380.541.09.[1] Moreover, Ningbo contends that the 2011 Home Depot Agreement underreported Unique Arts' liability at that time by $70,000.

OPINION

"Even when a plaintiff's motion for summary judgment goes unopposed, a plaintiff is not entitled to summary judgment unless it establishes that there is no issue of material fact with respect to the elements it must prove and that it is therefore entitled to judgment as a matter of law." *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 796 (7th Cir. 2015) (citing *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 601–02 (7th Cir. 2015); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994)). Here, plaintiff has established -- as Unique Arts appears to concede in its discovery responses and Ninghbo's unchallenged evidence on summary judgment shows -- Unique Arts' breach of the parties' contract (or, rather, contracts) by failing to pay the various invoices. Still, plaintiff's submission as to damages owed due to that breach is not adequate.

As detailed above, plaintiff's proposed facts and supporting materials fail to explain its assertion that Unique Arts owes it $380,541.09. In particular, Ningbo provides no explanation of the 21 invoices apparently missing from Unique Arts' records,

---

[1] Note that this amount -- in the proposed findings of facts and brief -- is about $6000 *less* than the amount listed in the motion for summary judgment, apparently before interest. This unexplained discrepancy further amplifies the court's concerns with plaintiff's submission.

3

despite all of the invoices pre-dating the 2011 Agreement at which time the parties were in agreement as to the amount owed.  Instead, Peter Lu, one of Ningbo's shareholders, simply lists these new debts in his declaration without attaching *any* documentation in support of this claim.  (Lu Decl. (dkt. #22) ¶ 10.)  With this bare information, the court has no basis for determining whether these additional invoices were accounted for in the amount listed in the 2011 Agreement or covered by payments.  At minimum, the court needs a more thorough accounting to enter judgment in plaintiff's favor on the amount requested.

Moreover, in its brief in support of summary judgment, Ningbo states that it seeks prejudgment interest in the amount of $312,596.99.  Here, again, Ningbo provides *no* explanation for that amount.  In particular, plaintiff does not explain the interest rate used, whether the interest was compounded, or even the legal basis for an award of prejudgment interest.  Absent more information, the court cannot sustain that award either.

Accordingly, the court will hold a telephonic conference on September 26, 2016, at 10:00 a.m. to determine whether plaintiff can clarify its damages request.  If not, the court will hold an evidentiary hearing on damages on October 3, to determine the proper amount due.

ORDER

IT IS ORDERED that:

1) Plaintiff Ningbo Beter Lighting's motion for summary judgment (dkt. #19) is GRANTED as to liability, and RESERVED as to damages.

4

2) The court will hold a telephonic conference on September 26, 2016, at 10:00 a.m. Plaintiff's counsel to establish conference call to chambers at 608-264-5087.

3) All pre-trial deadlines and the October 3, 2016, trial date remain in place.

Entered this 16th day of September, 2016.

                      BY THE COURT:

                      /s/
                      _____
                      WILLIAM M. CONLEY
                      District Judge